```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
FEDERICA FACCHETTI,                                          :
                                        Plaintiff,           :
                                                             :      14-CV-10018 (JPO)
                    -v-                                      :
                                                             :      OPINION AND ORDER
BRIDGEWATER COLLEGE, et al.,                                 :
                                        Defendants.          :
------------------------------------------------------------ X
```

J. PAUL OETKEN, District Judge:

Plaintiff Federica Facchetti brings this action against Defendants Bridgewater College ("Bridgewater"), several of its officers and employees[1] (collectively "College Defendants"), and Tyler Vest, a former student at Bridgewater, asserting causes of action for violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX"); battery; intentional and negligent infliction of emotional distress; and "premises liability." (Dkt. No. 1 ("Complaint") ¶¶ 55–107.). Defendants move to dismiss this case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, to transfer the case to the Western District of Virginia pursuant to 28 U.S.C. § 1404(a), § 1406, or § 1361. Facchetti moves for leave to amend her Complaint. For the reasons that follow, Bridgewater's motion to dismiss is denied, and the case is transferred to the Western District of Virginia. Facchetti's motion for leave to amend is denied without prejudice.

I.    **Background**

---

[1] The individual College Defendants move to dismiss the case against them under Federal Rule 12(b)(6). (Dkt. No. 7 at 3–7.) Facchetti concedes that she has failed to state a claim against these Defendants and asks only for leave to amend her Complaint to do so. (Dkt. No. 31 at 10; Dkt. No. 36.) Because this Court is transferring the case to the Western District of Virginia, it need not—and does not—rule on either of these motions.

1

Facchetti, an Italian citizen, was a foreign exchange student at Bridgewater, a college in Virginia, for the 2013 to 2014 academic year. (Compl. ¶ 3.) She alleges that Vest, a former student at Bridgewater, sexually assaulted her in a Bridgewater dormitory on February 5, 2014 (*id.* ¶ 1), and that the College Defendants failed to follow proper procedures while investigating the incident (*id.*). She further alleges that she continued to suffer from the effects of the incident the following year, when she moved to New York City. (*Id.* ¶¶ 14, 52.)

## II.  Discussion

Defendants move to dismiss this case for want of personal jurisdiction or, in the alternative, to transfer it to the Western District of Virginia. The Court finds that it lacks personal jurisdiction over Defendants, and that the interests of justice are served by transferring the case.

### A.  Personal Jurisdiction

"Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits—subject, of course, to certain constitutional limitations of due process." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *see also DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (per curiam). Accordingly, the Court must engage in a "two-part analysis." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). First, the Court must look to the relevant jurisdictional statute of the state in which it sits: New York. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). Then, "[i]f the exercise of jurisdiction is appropriate under that statute, the [C]ourt must decide whether such exercise comports with the requisites of due process." *Id.*

Plaintiff has the burden of showing that the Court has personal jurisdiction over Defendants. *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005).

But to survive a motion to dismiss under Rule 12(b)(2), she need only make a "prima facie showing" of jurisdiction. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998). "[T]he pleadings and any supporting affidavits are to be interpreted in the light most favorable to the plaintiff." *Rubinbaum LLP v. Related Corporate Partners V, L.P.*, 154 F. Supp. 2d 481, 486 (S.D.N.Y. 2001).

In support of personal jurisdiction, Facchetti alleges (1) that Bridgewater is registered as a non-profit corporation with the New York Secretary of State; (2) that Bridgewater solicits donations and recruits students in New York; and (3) that her injuries "manifested" in New York, where she lived at the time she filed this suit. She argues that this Court has both general and specific jurisdiction over Bridgewater and that the Court has specific jurisdiction over Vest.[2]

### 1. General Jurisdiction

Facchetti first contends that Bridgewater is subject to general jurisdiction in this Court because it is registered with the New York Secretary of State as a foreign non-profit corporation pursuant to New York Executive Law § 172, and, therefore, it has consented to general jurisdiction in New York. (Dkt. No. 31 at 4–7.) But this is insufficient to give rise to jurisdiction under New York law. *See Nelson v. Massachusetts Gen. Hosp.*, No. 04 Civ. 5382 (CM), 2007 WL 2781241, at *26 (S.D.N.Y. Sept. 20, 2007) (holding that § 172 registration is insufficient to confer general jurisdiction), *aff'd*, 299 F. App'x 78 (2d Cir. 2008) (affirming "for substantially the same reasons stated in the District Court's comprehensive Memorandum Decision."). Therefore, the Court need not—and does not—decide the interesting question whether requiring foreign corporations to consent to general jurisdiction in order to do business in the state is consistent with the Supreme Court's holding that general jurisdiction over a foreign

---

[2] General jurisdiction allows a defendant to be sued in the forum on any cause of action; specific jurisdiction requires that the action be connected to the forum.

corporation can be had only where the corporation is "essentially at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).

Next, Facchetti contends that Bridgewater is subject to general jurisdiction in New York because it solicits donations in New York and recruits students in New York. (Dkt. No. 31 at 7.) Even if New York law would permit the exercise of jurisdiction under these circumstances—a proposition that is extremely unlikely—jurisdiction would be unconstitutional because these contacts do not even come close to rendering Bridgewater "essentially at home" in New York. *Id.* Facchetti does not cite *Daimler* in her memorandum of law. And she does not allege that Bridgewater is at home in New York. This Court lacks general jurisdiction over the College Defendants.[3]

### 2.     Specific Jurisdiction

Facchetti alleges that, although she was sexually assaulted in Virginia while she was a resident of Virginia, she suffered continuing emotional distress in New York and received treatment in New York for her injuries. Where a defendant intentionally causes injury in New York, both New York law and the Constitution permit the exercise of jurisdiction over him. *See* CPLR § 302; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). But, in general, absent other connections between the defendant and the forum, the effect in the forum state must be reasonably foreseeable to the defendant in order for the exercise of personal jurisdiction to be constitutional. *See, e.g.*, RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 37 (1971); *see also Burger King*, 471 U.S. at 475 ("Th[e] purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated

---

[3] Because Facchetti's argument for personal jurisdiction over the individual College Defendants rests on her argument for personal jurisdiction over Bridgewater (Dkt. No. 31 at 7 n.3), it fails also.

contacts.") (internal quotation marks and citations omitted). Here, Facchetti does not allege that Vest or the College Defendants had any reason to believe the she would ever go to New York, let alone that any injuries would manifest themselves there. Thus, although it is possible for personal jurisdiction to lie in a forum where a defendant commits a tort elsewhere with the knowledge that it may continue to cause harm to someone who moves to the forum, Facchetti offers no allegations that this is the case here. Accordingly, the Court lacks specific jurisdiction over Vest and the College Defendants.

### B.   Transfer

Where, as here, the transferor court lacks personal jurisdiction over the defendants, transfer motions are complicated. *See* CHARLES ALAN WRIGHT, ET AL., 15 FEDERAL PRACTICE & PROCEDURE JURISDICTION § 3842 (4th ed. 2014) ["WRIGHT & MILLER"]. Three statutes, 28 U.S.C. § 1404, § 1406, and § 1361, potentially apply in this situation, and courts are deeply divided over which to apply when. *See id.* In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962), the Supreme Court held that § 1404 permits a court to transfer an action when it lacks personal jurisdiction over the defendants. But *Goldlawr* was decided before § 1361 was passed, and some courts reason that the better course now is to use the latter statute. *See* WRIGHT & MILLER § 3842 n.33. Others continue to follow *Goldlawr*. *Id.* n.32.

This Court is persuaded by the argument that, in this circumstance at least, it does not matter which statute applies. *See In re Ski Train Fire Case*, 257 F. Supp. 2d 717, 733–34 (S.D.N.Y. 2003); *but see* WRIGHT & MILLER § 3842 ("[T]he conclusion that no distinction need be drawn between or among the transfer provisions is potentially problematic because the appealability of the transfer decision is not treated consistently under the three provisions in all respects."). Courts appear to agree that an order transferring the case for want of personal jurisdiction is not appealable regardless of the statutory basis, *see id.* § 3914.12, and, therefore,

which statute is chosen likely makes no difference. And, either way, whether or not such an order is appealable is a decision to be made by the Court of Appeals. (Whether that will be the Fourth Circuit or the Second Circuit depends, in part, on when the appeal, if there is one, is permitted. *Id.*) Thus, the question is simply whether the interest of justice would be served by transferring the case instead of dismissing it. *See Ski Train*, 257 F. Supp. 2d at 733.

Facchetti does not explain why transfer would be in the interest of justice; she merely states that she might be "deprived of her day in court" if the case is dismissed. (Dkt. No. 31 at 9.) In any event, the Court concludes that the interests of justice would be served by transferring the case. Both Facchetti's personal injury claims and her Title IX claims are probably still timely under Virginia's two-year statute of limitations, *compare Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) ("It appears that every circuit to consider the issue has held that Title IX . . . borrows the relevant state's statute of limitations for personal injury."), *with* V.A. CODE § 8.01-243 ("Unless otherwise provided . . . , every action for personal injuries . . . shall be brought within two years after the cause of action accrues."). But, although Facchetti's arguments in support of jurisdiction here are without merit, the Court cannot conclude that this is indicative of bad faith. Instead, this is most likely the result of a mistake by Facchetti's counsel.[4] No party disputes that the Western District of Virginia can exercise personal jurisdiction over Defendants and that venue would be proper there. Dismissing this case and having Facchetti simply refile it in Virginia seems both cumbersome and unnecessary. Defendants' motion to transfer is therefore granted.

**III. Conclusion**

---

[4] The College Defendants mention Rule 11 in their reply memorandum of law (Dkt. No. 55 at 1), but they do not formally move for sanctions. Thus, the Court need not—and does not—decide whether Facchetti's counsel is properly subject to sanctions in this case.

For the foregoing reasons, Defendants' motion to dismiss is DENIED, Plaintiff's motion for leave to amend is DENIED, and Defendants' motion to transfer the case is GRANTED. This case is TRANFERRED to the United States District Court for the Western District of Virginia.

The Clerk of the Court is directed to close the motions at docket numbers 7, 27, and 36, and to transfer this case to the United States District Court for the Western District of Virginia.

SO ORDERED.

Dated: June 16, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge